# HUSCH BLACKWELL

Dustin L. Taylor
Partner

1801 Wewatta Street, Suite 1000
Denver, CO 80202
Direct: 303.749.7247
Fax: 303.749.7272
Dustin.Taylor@huschblackwell.com

**MEMO ENDORSED**

November 1, 2023

Hon. Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Atari Interactive, Inc. v. Printify, Inc. et al.*, No. 23-cv-08926 (SHS)

### DEFENDANT PRINTIFY, INC.'S LETTER MOTION TO SEAL

Dear Judge Stein:

Pursuant to this Court's Standing Order 19-misc-583 and Your Honor's Individual Practice 5.B, I respectfully submit this letter motion to seal in support of Defendant Printify, Inc.'s ("Printify") request to seal certain documents submitted in support of its Emergency Motion to Modify the Order to Show Cause regarding Preliminary Injunction and Temporary Restraining Order ("Motion to Modify").

The documents submitted in support of Printify's Motion to Modify contain highly confidential and sensitive financial information regarding Printify's financial net worth and operations. Due to the early stage of the case, and emergency nature of the Motion to Modify, the parties have yet to stipulate and agree to a Protective Order for this matter.

As Your Honor knows, Printify was forced to file the Motion to Modify to unfreeze a majority of its liquid assets that Printify needed to operate its company, pay vendors, and pay employees their earned salaries. To convey to the Court the emergent nature of the requested relief, the Motion to Modify included detailed information concerning not only Printify's operations but the specific monetary amounts at issue. The Motion to Modify also included detailed information that highlighted the harm the asset freeze had caused to Printify, again providing detailed financial numbers and sources. Printify considers this information to be highly confidential and shared it with the Court solely given the extreme and emergent circumstances.

*Handwritten endorsement:* 11/20/23 Motion granted. So ordered. Sidney H. Stein, U.S.D.J.

# HUSCH BLACKWELL

Hon. Sidney H. Stein, U.S.D.J.
November 1, 2023
Page 2

      Printify originally filed the entirety of the Motion to Modify and supporting exhibits under seal because the case was under seal when Printify filed these documents. In making this revised request, Printify seeks to seal on the confidential financial information and detailed information about Printify's operations. The request to seal applies to the following documents and information:

- The October 26, 2023, Memorandum in Support of Defendant Printify Inc.'s Emergency Motion to Modify the October 11 Order to show Cause for Preliminary Injunction and Temporary Restraining Order;

- The October 26, 2023, Declaration of [Anastasika Oleinika][1] in Support of Defendant Printify, Inc.'s Emergency Motion to Modify the October 11 Order to show Cause for Preliminary Injunction and Temporary Restraining Order;

- The October 26, 2023, Declaration of Andris Dimants in Support of Defendant Printify, Inc.'s Emergency Motion to Modify the October 11 Order to show Cause for Preliminary Injunction and Temporary Restraining Order; and

- The October 26, 2023, Declaration of Artis Grizans in Support of Defendant Printify, Inc.'s Emergency Motion to Modify the October 11 Order to show Cause for Preliminary Injunction and Temporary Restraining Order.

      Printify does not request to seek any portion of its Motion to Strike Portions of the Declaration of Katie Kavanaugh. Although Plaintiff stated at the October 27 hearing that it desired to redact portions of this declaration, Plaintiff subsequently confirmed to the undersigned that it would no longer seek to redact any portion of this document.

      The Second Circuit applies a three-step test to determine whether a document may be filed under seal. First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents.' . . . In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The documents enumerated above support the Motion to Modify and satisfy this requirement.

      Second, assuming the information to be sealed has the "common law presumption of access attach[ed], [the Court] must determine the weight of that presumption." *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

---

[1] Although the caption of this declaration incorrectly states it is the Declaration of Andris Dimants, the title correctly identifies it as a declaration made by Anastasija Oleinka.

# HUSCH BLACKWELL

Hon. Sidney H. Stein, U.S.D.J.
November 1, 2023
Page 3

federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* at 119 (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Here, the material at issue is directly implicated in the Court's judicial function because the portions of the Motion to Modify and support declarations relate to the financial position and competitive strategy of Printify which was submitted to provide the Court with context concerning Printify's request to modify the TRO to lift the asset freeze. Moreover, the information to be sealed does not need to be put into the public record for the public to have an adequate understanding of the issues in dispute.

Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.' Such countervailing factors include but are not limited to ... 'the privacy interests of those resisting disclosure.'" *Id.* at 119–20 (citations omitted). This Court frequently allows documents to be filed under seal to prevent the disclosure of confidential and proprietary business information. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing exhibits that contain "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Moreover, the information to be sealed and/or redacted represents only a portion of the total information to be presented to the Court, leaving the majority of the facts and nearly all of the argument unredacted so that the public can understand this action and the Court's activities with regard to it. Thus, sealing the information as requested will properly balance the competing considerations of the right of the public to examine the proceedings of this Court and the right of the parties to ensure that allegedly confidential business information remains confidential.

Finally, Standing Order 19-misc-583 and Your Honor's Individual Practice 5.B permit the filing of the documents and information described above pursuant to the procedures set forth therein.

For at least these reasons, Printify respectfully requests the Court grant this letter motion and permit the above-listed items to be filed under seal.

Respectfully submitted,

HUSCH BLACKWELL LLP

Dustin L. Taylor

*Counsel for Defendant Printify, Inc.*

cc: All counsel of record (Service via ECF)

Husch Blackwell LLP