# HUSCH BLACKWELL

Dustin L. Taylor
Partner

1801 Wewatta Street, Suite 1000
Denver, CO 80202
Direct: 303.749.7247
Fax: 303.749.7272
Dustin.Taylor@huschblackwell.com

**MEMO ENDORSED**

November 13, 2023

Hon. Sidney H. Stein, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Atari Interactive, Inc. v. Printify, Inc. et al.*, No. 23-cv-08926 (SHS)

## DEFENDANTS PRINTIFY, INC. AND JANIS BERDIGANS'S LETTER MOTION TO SEAL

Dear Judge Stein:

    Pursuant to this Court's Standing Order 19-misc-583 and Your Honor's Individual Practice 5.B, I respectfully submit this letter motion to seal in support of Defendants Printify, Inc. and Janis Berdigan's (collectively, "Printify") request to seal certain documents submitted in support of their Opposition to Plaintiff's Ex Parte Application for Entry of A Temporary Restraining Order and Asset Restraint, An Order for Expedited Discovery, and An Order to Show Cause for a Preliminary Injunction ("Opposition").

    The documents submitted in support of Printify's Opposition contain highly confidential and sensitive financial information regarding Printify's financial net worth and operations. Due to the early stage of the case, the parties have yet to stipulate and agree to a Protective Order for this matter.

    Mindful of your Honor's instruction to the parties should only seek to seal extremely limited information "such as profit and loss statements," Printify seeks to seal only the confidential financial information and detailed information about Printify's operations. The request to seal applies to information highlighted in yellow in both Printify's Opposition and the Declaration of Anastasija Oleinika in support thereof. Printify seeks to seal financial inforamtion, including customer numbers, sales and profit values. This information includes specific usage numbers and metrics relating to Printify's platform that, if made known to Printify's competitors, would cause Printify significant competitive harm. The information sought to be sealed also includes Printify's

*Handwritten endorsement:* 11/20/23. Application granted. So ordered. /s/ Sidney H. Stein

# HUSCH BLACKWELL

Hon. Sidney H. Stein, U.S.D.J.
November 13, 2023
Page 2

specific efforts to identify and stop infringing activity on its platform. If would-be infringers learned of the specific methods and steps Printify takes to identify infringement, those third-parties could use that information to potentially avoid Printify's enforcement efforts.

The Second Circuit applies a three-step test to determine whether a document may be filed under seal. First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents.' . . . In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The documents enumerated above support the Motion to Modify and satisfy this requirement.

Second, assuming the information to be sealed has the "common law presumption of access attach[ed], [the Court] must determine the weight of that presumption." *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* at 119 (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Here, the material at issue is directly implicated in the Court's judicial function because the portions of the Motion to Modify and support declarations relate to the harm to Printify and the steps it has taken identify and remove infringing products from its platform, thereby reducing any harm to Atari. Moreover, the information to be sealed does not need to be put into the public record for the public to have an adequate understanding of the issues in dispute.

Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.' Such countervailing factors include but are not limited to ... 'the privacy interests of those resisting disclosure.'" *Id.* at 119–20 (citations omitted). This Court frequently allows documents to be filed under seal to prevent the disclosure of confidential and proprietary business information. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealing exhibits that contain "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Moreover, the information to be sealed and/or redacted represents only a portion of the total information to be presented to the Court, leaving the majority of the facts and nearly all of the argument unredacted so that the public can understand this action and the Court's activities with regard to it. Thus, sealing the information as requested will properly balance the competing considerations of the right of the public to examine the proceedings of this Court and the right of the parties to ensure that allegedly confidential business information remains confidential.

Finally, Standing Order 19-misc-583 and Your Honor's Individual Practice 5.B permit the filing of the documents and information described above pursuant to the procedures set forth therein.

# HUSCH BLACKWELL

Hon. Sidney H. Stein, U.S.D.J.
November 13, 2023
Page 3

    For at least these reasons, Printify respectfully requests the Court grant this letter motion and permit the above-listed items to be filed under seal.

                Respectfully submitted,

                HUSCH BLACKWELL LLP

                /s/ Dustin L. Taylor

                Dustin L. Taylor

                *Counsel for Defendants Printify, Inc.*
                *and Janis Berdigans*

cc: All counsel of record (Service via ECF)